```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

CAREY MICHAEL,                  :
                                :   NO. 1:02-CV-00804
    Plaintiff,                  :
                                :
                                :   **OPINION AND ORDER**
  v.                            :
                                :
                                :
HIGHLAND COUNTY SHERIFF'S       :
DEPARTMENT, et al.,             :
                                :
    Defendants.                 :
                                :

       This matter is before the Court on Defendants' Motion for Summary Judgment (doc. 16), Plaintiff's Response in Opposition (doc. 30), and Defendants' Reply (doc. 32).  Also before the Court is Plaintiff's Motion for Summary Judgment on the Issue of Liability Only (doc. 27), Defendants' Response (doc. 29), and Plaintiff's Reply (doc. 33).

**I. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

       Plaintiff filed his Complaint on November 1, 2002, alleging that Defendants Highland County Sheriff's Department, Highland County Sheriff Ronald Ward, and Deputy Sheriff Ryan Ward violated his state and federal rights by seizing and arresting him without probable cause (doc. 1).  Plaintiff is a trustee of the Jackson Township Board of Trustees, a Township located in Highland County, Ohio (Id.).  Plaintiff's property is contiguous to that of the old Belfast school, which is township property (doc. 16).  On

November 3, 2001, Plaintiff noticed on Belfast school property the campaign signs of Doug Hauke, an individual with whom Plaintiff had disputed a local school board issue in the past, and an individual for whom Plaintiff freely expressed a lack of respect (Id.). Plaintiff removed the signs, placed them into his truck, and took them to his property (Id.). Unbeknownst to Plaintiff, Doug Hauke was across the street videotaping the removal of the signs, having noticed his signs being removed in various places prior to the then-upcoming election (Id.). Mr. Hauke contacted local law enforcement and showed Deputy Ryan Hughes and Sergeant Chris Bowen the videotape (Id.). Plaintiff does not dispute the video, nor the fact that he removed the signs and took them to his property (Id.).

Deputy Hughes and Sergeant Bowen went to Plaintiff's residence and informed him of Mr. Hauke's complaint about missing campaign signs (Id.). Sergeant Bowen asked Plaintiff if he knew about the signs (Id.). Plaintiff agreed that he took the signs, but explained he was a township trustee (Id.). The officers did not know whether this was true, and neither were aware that the signs at issue had been on township property (Id.). Bowen and Hughes concluded they had probable cause to arrest Plaintiff on a theft charge (Id.). They booked Plaintiff at the county jail on such a charge (Id.). Plaintiff showed up at the Sheriff's Office on his own accord, and was held at the jail for about one hour to process the charges (Id.). A hearing on Plaintiff's Motion to

Dismiss for Lack of Probable Cause was ultimately held on November 13, 2001, before the Honorable David H. McKenna in the Hillsboro Municipal Court (Id. at Ex. B).  Judge McKenna dismissed the criminal case against Plaintiff, finding all the necessary elements of the offense were not set forth in the criminal complaint[1] (Id.).

On February 17, 2004, Defendants filed their Motion for Summary Judgment, premised on the theories that (1) probable cause supported the arrest of Plaintiff, (2) Deputy Hughes is entitled to qualified immunity, (3) Sheriff Ward did not violate Plaintiff's rights, (4) Defendants had no custom or policy of arresting people without probable cause, and (5) Plaintiff's state claim of false arrest should be dismissed as to Sheriff Ward under Ohio Rev. Code § 311.05, and as to all other Defendants under Ohio Rev. Code § 2744 (doc. 16).  Plaintiff responded that there was no probable cause to support his arrest, that the state court proceeding precludes any further litigation about probable cause, that he did not act with requisite purpose to deprive Mr. Hauke of the signs, that Mr. Hauke left his signs on trustee property and thus created a bailment, and that Defendants had no probable cause to arrest him

---

[1] However, Judge McKenna limited his finding of no probable cause as to the offense charged, theft, but opined that had the charge been interference with civil rights, "I'm not sure I would have been able to dismiss it, and we'd have had a whole other can of worms to deal with." Id.  Judge McKenna warned Plaintiff that "this case is going to be dismissed because it got charged under the wrong statute," and expressed "I hope you all can get this matter put behind you."

for "related crimes" (doc. 30).  Plaintiff further argued that Defendants are not entitled to qualified immunity because it is clearly established that an arrest without probable cause violates the Constitution, and no reasonable officer could conclude the arrest was warranted understanding the facts of this case and Plaintiff's role as trustee (Id.).

Plaintiff also filed a Motion for Summary Judgment on February 17, 2004, arguing under the same facts that he is entitled to judgment as a matter of law (doc. 27).

**II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**A. Applicable Legal Standard**

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir.1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir.1992)(per curiam).  In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir.1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence

-5-

of that material fact. See Celotex, 477 U.S. 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-40 (6th Cir.1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th

-6-

Cir.1989)(internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F .2d 1155, 1162 (6th Cir.1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

**B. Law and Discussion**

This case turns completely upon the question whether the deputies had probable cause to arrest Plaintiff after they observed a video of him removing campaign signs from school property and taking them to his home, and after they questioned him and he admitted he took the signs. If the deputies had probable cause,

the arrest was valid, and Plaintiff's claims fail. If there was no probable cause, then Plaintiff's claims withstand Defendants' motion for summary judgment and should go to a jury.

Probable cause exists when the facts and the circumstances within the knowledge of the arresting officers are sufficient to warrant a reasonable officer to believe that a defendant has committed or was committing an offense. Beck v. Ohio, 379 U.S. 89, 91 (1964), Devenpeck v. Alford, 125 S.Ct. 588, 593 (2004), Maryland v. Pringle, 540 U.S. 366, 371 (2003). "In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent [persons], not legal technicians, act." Brinegar v. United States, 338 U.S. 160, 175 (1949). An arresting officer's state of mind is irrelevant to the existence of probable cause. Whren v. United States, 517 U.S. 806, 812-13 (1996). The officer's subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause. Devenpeck, 125 S.Ct. 588, 594. In general, the existence of probable cause in a Section 1983 action presents a jury question, unless there is only one reasonable determination possible. Yancey v. Carroll County, 876 F.2d 1238, 1243 (6th Cir. 1988).

In this case Defendants argue that a reasonable officer

when confronted with the undisputed facts would have believed that Plaintiff had committed an offense (doc. 32). The Court agrees and finds this is the only reasonable determination possible. The undisputed facts show that during an election campaign a candidate for public office complained to the authorities that his political signs were being taken down. Plaintiff was caught on videotape taking down those very campaign signs. The officers saw the video and investigated. Plaintiff readily admitted to having taken the signs. The signs were recovered on private property. Although Plaintiff asserted he was a trustee and the property from which the campaign signs were taken was township property, a reasonable officer, also knowing Plaintiff readily admitted no respect for the political candidate, would not view the taking as an act on behalf of the government entity, but rather as an act to prevent the publicizing of a candidacy Plaintiff opposed. Indeed, as Judge McKenna warned, had the incident been charged under a different statute, there would have been "a whole other can of worms to deal with." The Court finds well-taken Defendants' position that a police officer need not have the correct offense in mind when he makes the arrest; the question is rather "whether the conduct that served as basis for the charge for which there was no probable cause could, in the eyes of a similarly-situated reasonable officer, also have served as the basis for a charge for which there was probable cause." Gassner v. Garland, 864 F.2d 394, 398 (5th

Cir. 1989)(citing Trejo v. Perez, 693 F.2d 482, 486 (5th Cir. 1982)(doc. 16). The fact that Judge McKenna granted the motion before him to dismiss based on a finding of no probable cause for theft, the incident charged, does not change the fact that the officers saw the political signs taken by Plaintiff, and that this conduct reasonably led them to conclude that an offense was being committed.[2] Though Plaintiff invoked his authority as trustee, he provided no justification to authorize him personally to enforce the board's resolution requiring permission in advance to place signs on township property. Indeed, Plaintiff signaled to the officers that he or a secretary had called yet another governmental entity, the board of elections, to ensure he could remove political signs. Reasonable officers, knowing that Plaintiff expressed a lack of respect for the candidate, would view Plaintiff's claims of authorization as dubious. Officers hear justifications and stories all the time in the course of their investigations. Criss v. City of Kent, 867 F.2d 259, 263 (6th Cir. 1988)("A policeman, however, is under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as

---

[2] The Court does not review Judge McKenna's finding that there was no probable cause to support a theft charge. The Court rejects Plaintiff's argument that the question of probable cause is settled by issue preclusion. Judge McKenna explicitly stated that his ruling was narrowly tailored to the charge of theft before him. (doc. 16, Ex. B).

-10-

initially discovered provide probable cause"). In this case, the arresting officers made a reasonable determination that Plaintiff's explanation did not add up. The Court sees no evidence that such determination was made in bad faith.

Plaintiff offers three arguments that the Court shall address. Plaintiff argues that he lacked a "purpose" or "specific intention" to deprive Mr. Hauke of the signs (doc. 30). Defendants reply, and the Court agrees, that the subjective intent of both Plaintiff and the arresting officer does not matter in this analysis (doc. 32). The applicable analysis to this case is whether a reasonable officer, confronted with the facts and the circumstances, would believe Mr. Michael had committed an offense. Beck v. Ohio, 379 U.S. 89, 91 (1964).

Plaintiff next advances a bailment theory, that Mr. Hauke left his signs on trustee property and thus created a bailment (doc. 32). The Court disagrees that a bailment was created by the placement of the campaign signs on township property. The very authority cited by Plaintiff in support of his theory, Ringer v. Sias, 68 Ohio App. 2d 230, 428 N.E.2d 869 states that "[t]he placing of personal property upon the open land of another does not constitute even a constructive delivery of possession to the landowner." Ringer, at 232, 870. It is incumbent upon the landlord to take some act consistent with an intent to possess the property in order to create a gratuitous bailment. Id. In this

case, the board of trustees took no such act consistent with an intent to possess the campaign signs.

Finally, Plaintiff argues that Defendants did not have probable cause to arrest for "related crimes," because in his view, a related offense must be a "lesser-included offense" (doc. 30). This argument was recently rejected by a unanimous Supreme Court. Devenpeck v. Alford, 125 S. Ct. 588 (2004).

**III. CONCLUSION**

Because the Court finds probable cause in this case for Plaintiff's arrest, as a matter of law the Court must find for Defendants.  The Court need not conduct a qualified immunity analysis, nor reach Plaintiff's remaining arguments in opposition to Defendants' motion, nor Plaintiff's cross-motion for summary judgment (doc. 27).  As Plaintiff's federal claims fail, so do his state law claims for false arrest and false imprisonment.  There is no false arrest when such arrest is based on probable cause.

For the reasons indicated herein, the Court finds Defendants' Motion for Summary Judgment well taken.  Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment (doc. 16), DENIES Plaintiff's Motion for Summary Judgment (doc. 27), and DISMISSES this matter from the Court's docket.  Each party is to

bear its own litigation costs.

    SO ORDERED.

Dated: September 1, 2005    <u>s/S. Arthur Spiegel</u>
    S. Arthur Spiegel
    United States Senior District Judge